# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ZACHERY MARTZ, | Civil No. 3:19-cv-1964 |
| Plaintiff | (Judge Mariani) |
| v. | |
| VINEY, et al., | |
| Defendants | |

## MEMORANDUM

Plaintiff Zachery Martz ("Martz"), an inmate confined at the State Correctional Institution, Mahanoy, in Frackville, Pennsylvania ("SCI-Mahanoy"), commenced this action pursuant to 42 U.S.C. § 1983. (Doc. 1). Named as Defendants are Secretary John Wetzel, SCI-Mahanoy Superintendent Theresa DelBalso, and Unit Manager Viney. Presently pending before the Court is Defendants' motion (Doc. 12) to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Martz failed to respond to Defendants' motion and the time for responding has now passed.[1] Therefore, the motion is deemed unopposed and ripe for resolution. For the reasons set forth below, the Court will grant Defendants' motion and dismiss the complaint with leave to amend.

---

[1] Martz was directed to file a brief in opposition to Defendants' motion and was admonished that failure to file an opposition brief would result in Defendants' motion being deemed unopposed. (Doc. 14) (citing M.D. PA. LOCAL RULE OF COURT 7.6). (See also Doc. 2, Standing Practice Order in Pro Se Plaintiff Cases, at 2).

## I.  Allegations of the Complaint

Martz alleges that he is mentally ill and suffers from depression, and is not receiving treatment for his mental impairments. (Doc. 1, pp. 2-3). Martz also states that he was moved from a mental health block and cannot function in general population. (*Id.*).

## II.  Legal Standard

A complaint must be dismissed under FED. R. CIV. P. 12(b)(6), if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The plaintiff must aver "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

"Though a complaint 'does not need detailed factual allegations, . . . a formulaic recitation of the elements of a cause of action will not do.'" *DelRio-Mocci v. Connolly Prop. Inc.*, 672 F.3d 241, 245 (3d Cir. 2012) (citing *Twombly*, 550 U.S. at 555). In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013) (internal citations and quotation marks omitted). A court "take[s] as true all the factual allegations in the Complaint and the reasonable inferences that can be drawn from those facts, but . . . disregard[s] legal conclusions and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ethypharm S.A. France v.*

*Abbott Laboratories*, 707 F.3d 223, 231, n.14 (3d Cir. 2013) (internal citations and quotation marks omitted).

> *Twombly* and *Iqbal* require [a district court] to take the following three steps to determine the sufficiency of a complaint: First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks omitted). This "plausibility" determination will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

However, even "if a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

> [E]ven when plaintiff does not seek leave to amend his complaint after a defendant moves to dismiss it, unless the district court finds that amendment would be inequitable or futile, the court must inform the plaintiff that he or she has leave to amend the complaint within a set period of time.

*Id.*

## III.  Discussion

Defendants move to dismiss Martz's complaint because he failed to allege any facts whatsoever concerning each Defendant's alleged role in the incidents underlying this lawsuit. (Doc. 13, p. 4). In fact, Martz makes absolutely no mention of any of the named Defendants in his complaint, other than including them in the caption and the introductory section that identifies the parties. (*See* Doc. 1).

Federal Rule of Civil Procedure 8 establishes the general rules of pleading. *See* FED. R. CIV. P. 8. Rule 8(a) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Rule 8(d)(1) speaks to factual allegations, requiring that "[e]ach allegation . . . be simple, concise, and direct." FED. R. CIV. P. 8(d)(1). These rules task the Plaintiff to provide "the defendant notice of what the . . . claim is and the grounds upon which it rests." *Phillips*, 515 F.3d at 232 (quoting *Twombly*, 550 U.S. at 555). This standard requires more than legal labels and conclusory assertions: a complaint must include enough facts to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

Martz's complaint fails to meet these basic pleading requirements. The complaint fails to mention how any of the named Defendants are involved in the brief, three-sentence statement of facts. The purported claims fail to identify the allegedly responsible Defendant at all. In sum, Martz's complaint "l[eaves] the defendants having to guess what of the many things discussed" constitute causes of action, the legal theory on which those causes may

4

rest, and the Defendants against whom each cause is lodged. *Binsack v. Lackawanna Cty. Prison*, 438 F. App'x 158, 160 (3d Cir. 2011) (nonprecedential). The complaint thus fails to comply with Rule 8. For these reasons, the Court will grant Defendants' motion and dismiss the complaint with leave to amend.

## IV.   Leave to Amend

When a complaint fails to present a *prima facie* case of liability, district courts must generally grant leave to amend before dismissing the complaint. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002); *Shane v. Fauver*, 213 F.3d 113, 116-17 (3d Cir. 2000). Specifically, the Third Circuit Court of Appeals has admonished that when a complaint is subject to dismissal for failure to state a claim, courts should liberally grant leave to amend "unless such an amendment would be inequitable or futile." *Phillips*, 515 F.3d at 245 (citing *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004)). For the reasons set forth above, Martz's claims against the Defendants are factually flawed. Despite being granted an extension of time to file a brief in opposition to Defendants' motion to dismiss, Martz failed to raise any arguments in opposition to Defendants' motion. However, the Court will provide Martz one opportunity to amend the complaint.

## V.      Conclusion

The Court will grant Defendants' motion (Doc. 12) to dismiss, and grant Martz an opportunity to file an amended complaint. A separate Order shall issue.

*[signature]*

Robert D. Mariani
United States District Judge

Dated: November __9__, 2020